**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN R. McGREW | ) | CASE NO.: |
| 1018 Homeland Drive | ) | |
| Akron, Ohio 44319 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AKRON GENERAL HEALTH SYSTEM | ) | |
| c/o CT Corporation System | ) | |
| 1300 East 9th Street | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| and | ) | **COMPLAINT** |
| | ) | **(Jury Demand Endorsed Herein)** |
| THE CLEVELAND CLINIC FOUNDATION | ) | |
| c/o CT Corporation System | ) | |
| 1300 East 9th Street | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KATHLEEN DONLEY | ) | |
| In Her Individual and Official Capacity | ) | |
| Cleveland Clinic Akron General | ) | |
| 1 Akron General Avenue | ) | |
| Akron, Ohio 44307 | ) | |
| | ) | |
| Defendants. | ) | |

Now comes John R. McGrew ("Plaintiff"), by and through the undersigned counsel, and

for his Complaint alleges as follows:

## JURISDICTION

1.     Jurisdiction in this case is based on the existence of a federal question. This action arises

pursuant to the Fair Labor Standards Act, Title 29, United States Code, Section 201, et

seq., the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. and 28 U.S.C. Sections 1331, as shown more fully in this Complaint.

2.      Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 as the state law claims are so related to the claims within which this Honorable Court has original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution."

3.      Venue is conferred under 28 U.S.C. § 1391 (b) as a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Ohio.

## **PARTIES**

4.      Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

5.      Plaintiff John R. McGrew is a United States citizen who resides in Akron, Summit County, Ohio. He is a 66-year-old male who, at all relevant times, was employed by Defendants.

6.      Defendant Akron General Health System ("Akron General") is an Ohio not-for-profit corporation with its principal place of business at 1 Akron General Avenue, Akron, Ohio 44307.

7.      Defendant The Cleveland Clinic Foundation ("Cleveland Clinic") is an Ohio not-for-profit corporation with its principal place of business at 9500 Euclid Avenue, Cleveland, Ohio 44195.

8.      On information and belief, Cleveland Clinic owns/controls activities of Akron General.

9.     Defendant Kathleen Donley ("Donley") is a female, who was and is, at all relevant times, an employee and supervisor employed by Defendants. Donley is named in her official and individual capacities. Donley currently holds the position of Director, Pharmacy.

## STATEMENT OF THE FACTS

10.    Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

11.    Plaintiff was born March 21, 1950 and is currently 66 years of age.

12.    On February 18, 1974, Plaintiff began working for Akron General as a Pharmacy Technician.

13.    In 1992, Plaintiff was promoted to Controlled Substance Inventory Coordinator at Akron General.

14.    As a Controlled Substance Inventory Coordinator, Plaintiff maintained levels of narcotics throughout the Akron General main campus, Lodi campus, and hospice, bills medication charges, files narcotic receipts, completes narcotics forms, pulls medications from robots, and stocks Omnicells.

15.     Plaintiff's performance evaluations had been consistently positive with the majority of ratings being "meets expectations" or "commendable."

16.    Plaintiff has been subjected to work in a discriminatory work environment at the behest of Defendant Donley, the Pharmacy Director.

17.    Donley was Plaintiff's supervisor.

18.    In December 2007, Plaintiff suffered a stroke.

19.    Due to the stroke, Plaintiff became disabled. Specifically, Plaintiff has aphasia.

20.     Aphasia is a communication disorder that results from damage to the parts of the brain that are responsible for language. Aphasia may cause difficulties in speaking, listening, reading, and writing, but does not affect intelligence.

21.     After Plaintiff suffered a stroke, Donley started giving him write-ups for offenses that were not considered violations of policy in the past.

22.     Each time Plaintiff was written up, the only feedback he received from Donley was "watch it."

23.     In 2009, Donley stated to Plaintiff "John, don't give me a reason to fire you."

24.     Plaintiff's supervisors and co-workers were aware that Donley wanted to get rid of him.

25.     Plaintiff was treated less favorably than his younger co-workers without disabilities.

26.     In 2009, Plaintiff, along with his co-workers, were told to stop clocking in and out because it was too hard to keep track of their time.

27.     For the last three years, Plaintiff was forced to work approximately two days per month without pay.

28.     Plaintiff complained several times that he was not receiving overtime pay.

29.     Plaintiff became more persistent by inquiring again about overtime and back pay. Within a week, Plaintiff was forced out.

30.     On June 29, 2016, Plaintiff requested FMLA leave in regards to an upcoming surgery.

31.     On July 5, 2016, Plaintiff's FMLA leave request was approved by Human Resources.

32.     On July 8, 2016, Plaintiff was given an ultimatum to retire or be terminated.

33.     Plaintiff was constructively terminated when he was forced to retire.

34.     Plaintiff would have worked two additional years if he had not been constructively discharged.

## FIRST CAUSE OF ACTION
### (Violations of the Fair Labor Standards Act of 1938)

35.     Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten
herein.

36.     On February 18, 1974, Plaintiff began working for Akron General as an at-will
employee.

37.     Plaintiff worked an average of 48 hours per week since 2009.

38.     In 2009, Plaintiff, along with his co-workers, were told to stop clocking in and out
because it was too hard to keep track of their time.

39.     For the last three years, Plaintiff was forced to work approximately two days per month
without pay.

40.     Plaintiff complained several times that he was not receiving overtime pay.

41.     Plaintiff had inquired again about overtime and back pay.  Within a week, Plaintiff was
forced out.

42.     Defendants failed to pay Plaintiff overtime for hours worked in excess of 40 hours per
week.

43.     At all times material herein, Plaintiff has been entitled to the rights, protections, and
benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

44.     The FLSA regulates, among other things, the payment of overtime pay by employers
whose employees are engaged in interstate commerce, or engaged in the production of
goods for commerce, or employed in an enterprise engaged in commerce or in the
production of goods for commerce. 29 U.S.C. § 207(a)(1).

45.     Defendants Akron General and Cleveland Clinic are subject to the overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and their employees are engaged in commerce.

46.     Defendants violated Sections 6 and 7 of the FLSA by failing to compensate Plaintiff for overtime hours in accordance with the FLSA.

47.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff.

48.     Defendants acted willfully and knew or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA.

49.     Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

50.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff. Accordingly, Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

51.     **WHEREFORE**, Plaintiff demands compensatory damages of $500,000, liquidated

damages of $500,000, attorneys' fees, costs, pre- and post-judgment interest, all wages

and other economic benefits lost as a result of Defendants' unlawful acts and any other

relief this Court may deem is fair and equitable.

## SECOND CAUSE OF ACTION
### (Violations of the Ohio Minimum Fair Wage Standards Act)

52.     Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten

herein.

53.     On February 18, 1974, Plaintiff began working for Akron General as an at-will

employee.

54.     Plaintiff worked an average of 48 hours per week since 2009.

55.     In 2009, Plaintiff, along with his co-workers, were told to stop clocking in and out

because it was too hard to keep track of their time.

56.     For the last three years, Plaintiff was forced to work approximately two days per month

without pay.

57.     Plaintiff complained several times that he was not receiving overtime pay.

58.     Plaintiff had inquired again about overtime and back pay.  Within a week, Plaintiff was

forced out.

59.     Defendants failed to pay Plaintiff overtime for hours worked in excess of 40 hours per

week.

60.     At all times material herein, Plaintiff has been entitled to the rights, protections, and

benefits provided under the Ohio Minimum Fair Wage Standards Act, Ohio Revised

Code §4111 *et seq*.

61.     Defendants Akron General and Cleveland Clinic are subject to the overtime pay requirements of ORC §4111 *et seq.* because they are corporations doing business in the state of Ohio.

62.     As a result of the aforesaid violations of the Ohio Minimum Fair Wage Standards Act overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff. Accordingly, Defendants are liable pursuant to ORC § 4111 *et seq.*, together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

63.     **WHEREFORE**, Plaintiff demands compensatory damages of $500,000, treble damages of $1,000,000, attorneys' fees, costs, pre- and post-judgment interest, all wages and other economic benefits lost as a result of Defendants' unlawful acts and any other relief this Court may deem is fair and equitable.

<u>**THIRD CAUSE OF ACTION**</u>
**(Retaliation - FLSA)**

64.     Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

65.     On February 18, 1974, Plaintiff began working for Akron General as an at-will employee.

66.     Plaintiff worked an average of 48 hours per week since 2009.

67.     In 2009, Plaintiff, along with his co-workers, were told to stop clocking in and out because it was too hard to keep track of their time.

68.     For the last three years, Plaintiff was forced to work approximately two days per month without pay.

8

69.    Defendants failed to pay Plaintiff overtime for hours worked in excess of 40 hours per week.

70.    Plaintiff complained several times that he was not receiving overtime pay.

71.    Plaintiff had inquired again about overtime and back pay.  Within a week, Plaintiff was forced out.

72.    Plaintiff engaged in protected activity by inquiring about overtime and back pay.

73.    At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

74.    The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

75.    Defendants are subject to the overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and their employees are engaged in commerce.

76.    Defendants violated Sections 6 and 7 of the FLSA by failing to compensate Plaintiff for overtime hours in accordance with the FLSA.

77.    Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff.

78.    Defendants acted willfully and knew or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA.

9

79.    Defendants retaliated against Plaintiff for engaging in a statutorily protected activity under the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3).

80.    Plaintiff was subjected to adverse employment action following the protected activity when he was constructively discharged.

81.    Accordingly, Defendants are liable pursuant to 29 U.S.C. § 215(a)(3), together with an additional amount as liquidated damages, punitive damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

82.    **WHEREFORE**, Plaintiff demands compensatory damages of $500,000, liquidated damages of $500,000, punitive damages of $1,000,000, attorneys' fees, costs, pre- and post-judgment interest, injunctive relief, and any other relief this Court may deem is fair and equitable.

<u>FOURTH CAUSE OF ACTION</u>
**(Retaliation – Ohio Minimum Fair Wage Standards Act)**

83.    Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

84.    On February 18, 1974, Plaintiff began working for Akron General as an at-will employee.

85.    Plaintiff worked an average of 48 hours per week since 2009.

86.    In 2009, Plaintiff, along with his co-workers, were told to stop clocking in and out because it was too hard to keep track of their time.

87.    For the last three years, Plaintiff was forced to work approximately two days per month without pay.

88.    Defendants failed to pay Plaintiff overtime for hours worked in excess of 40 hours per week.

89.     Plaintiff complained several times that he was not receiving overtime pay.

90.     Plaintiff had inquired again about overtime and back pay.  Within a week, Plaintiff was forced out.

91.     Plaintiff engaged in protected activity by inquiring about overtime and back pay.

92.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code §4111 *et seq*.

93.     Defendants violated the Ohio Minimum Fair Wage Standards Act by failing to compensate Plaintiff for overtime hours in accordance with the Act.

94.     Defendants are subject to the overtime pay requirements of ORC §4111 *et seq*. because they are corporations doing business in the state of Ohio.

95.     Defendants retaliated against Plaintiff for engaging in a statutorily protected activity under the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code §4111 *et seq*.

96.     Plaintiff was subjected to adverse employment action following the protected activity when he was constructively discharged.

97.     Defendants acted willfully and knew or showed reckless disregard for the matter of whether their conduct was prohibited by the Ohio Minimum Fair Wage Standards Act.

98.     Accordingly, Defendants are liable pursuant to Ohio Revised Code §4111 *et seq*. and Section 34a of Article II of the Ohio Constitution, together with an additional amount as liquidated damages, punitive damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

99.     **WHEREFORE**, Plaintiff demands compensatory damages of $500,000, liquidated damages of $500,000, punitive damages of $1,000,000, attorneys' fees, costs, pre- and

post-judgment interest, injunctive relief, and any other relief this Court may deem is fair and equitable.

## FIFTH CAUSE OF ACTION
### (Violations of the Family and Medical Leave Act - Interference)

100. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

101. Under the Family and Medical Leave Act ("FMLA"), it is unlawful for any employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the FMLA. 29 U.S.C. § 2615(a)(1).

102. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

103. Plaintiff had at least 1,250 hours of service with Defendants during the prior twelve (12) months.

104. Plaintiff requested leave from Defendants, his employers, with whom he had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C.A. § 2611(2)(A)(i).

105. Defendants are employers under the FMLA, as defined in 29 U.S.C. § 2611(4).

106. Defendants are engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A. § 2611(4)(A)(i).

107. On June 29, 2016, Plaintiff requested FMLA leave in regards to an upcoming surgery.

108. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A. § 2612 (a)(1) and for a total of twelve (12) work weeks of leave due to his serious health condition.

12

109.  Plaintiff gave notice to Defendants of his intention to take leave, as defined in 29 U.S.C. § 2612(e)(1) and 29 C.F.R. §§ 825.302–.303.

110.  On July 5, 2016, Plaintiff's FMLA leave request was approved by Human Resources.

111.  Within days of Plaintiff's approval of FMLA-qualifying leave by Human Resources, Defendants, in particular Defendant Donley, constructively terminated Plaintiff's employment.

112.  On July 8, 2016, Plaintiff was given an ultimatum to retire or be terminated.

113.  Defendants denied Plaintiff the benefits to which he was entitled under the FMLA.

114.  Plaintiff was constructively terminated for seeking, requesting, and/or taking legally protected FMLA leave.

115.  Defendants unlawfully considered Plaintiff's FMLA-qualifying leave in their decision to terminate Plaintiff.

116.  These actions as aforesaid constitute unlawful interference under the Family and Medical Leave Act.

117.  As a result of Defendants' unlawful actions, Plaintiff has suffered damages.

118.  **WHEREFORE**, Plaintiff demands compensatory damages of $500,000, liquidated damages of $500,000, punitive damages of $1,000,000, attorneys' fees, costs, pre- and post-judgment interest, injunctive relief, and any other relief this Court may deem is fair and equitable.

## SIXTH CAUSE OF ACTION
### (Violations of the Family and Medical Leave Act - Retaliation)

119.  Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

120. Under the FMLA, an employer may not discriminate or retaliate against an employee for taking FMLA leave. 29 U.S.C. § 2615(a)(2).

121. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

122. Plaintiff had at least 1,250 hours of service with Defendants during the prior twelve (12) months.

123. Plaintiff was engaged in an activity protected by the FMLA.

124. Plaintiff requested leave from Defendants, his employers, with whom he had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C.A. § 2611(2)(A)(i).

125. Defendants are employers under the FMLA, as defined in 29 U.S.C. § 2611(4).

126. Defendants are engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A. § 2611(4)(A)(i).

127. On June 29, 2016, Plaintiff requested FMLA leave in regards to an upcoming surgery.

128. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A. § 2612 (a)(1) and for a total of twelve (12) work weeks of leave due to his serious health condition.

129. Plaintiff gave notice to Defendants of his intention to take leave, as defined in 29 U.S.C. § 2612(e)(1) and 29 C.F.R. §§ 825.302–.303.

130. Defendants knew that he was exercising his rights under the FMLA.

131. On July 5, 2016, Plaintiff's FMLA leave request was approved by Human Resources.

132. Within days of Plaintiff's approval of FMLA-qualifying leave by Human Resources, Defendants, in particular Defendant Donley, constructively terminated Plaintiff's employment.

133. After learning of the Plaintiff's exercise of FMLA rights, Defendants, specifically Defendant Donley, took an employment action adverse to him.

134. On July 8, 2016, Plaintiff was given an ultimatum to retire or be terminated.

135. Defendants denied Plaintiff the benefits to which he was entitled under the FMLA.

136. Plaintiff was constructively terminated for seeking, requesting, and/or taking legally protected FMLA leave.

137. Defendants unlawfully considered Plaintiff's FMLA-qualifying leave in their decision to terminate Plaintiff.

138. There was a causal connection between Plaintiff's protected FMLA activity and the adverse employment action (i.e. constructive discharge).

139. These actions as aforesaid constitute unlawful retaliation under the Family and Medical Leave Act.

140. As a result of Defendants' unlawful actions, Plaintiff has suffered damages.

141. **WHEREFORE**, Plaintiff demands compensatory damages of $500,000, liquidated damages of $500,000, punitive damages of $1,000,000, attorneys' fees, costs, pre- and post-judgment interest, injunctive relief, and any other relief this Court may deem is fair and equitable.

### SEVENTH CAUSE OF ACTION
#### (Age Discrimination under R.C. Chapter 4112)

142. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

143. Plaintiff brings this claim pursuant to OHIO REV. CODE §§ 4112.02, 4112.14 and/or 4112.99.

144. Plaintiff brings this claim against all Defendants.

145. OHIO REV. CODE § 4112.02(A) makes it unlawful "[f]or any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

146. OHIO REV. CODE § 4112.14(A) makes it unlawful for any "employer to discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee."

147. Plaintiff was born March 21, 1950 and is currently 66 years of age.

148. Plaintiff is a member of the statutorily-protected class as he was at least forty years old at the time of the alleged discrimination.

149. Defendants subjected Plaintiff to adverse employment actions (i.e. harassment, constructive discharge).

150. Plaintiff has been subjected to work in a discriminatory work environment at the behest of Donley, the Pharmacy Director.

151. Each time Plaintiff was written up, the only feedback he received from Donley was "watch it."

152. In 2009, Donley stated to Plaintiff "John, don't give me a reason to fire you."

153.  Plaintiff's supervisors and co-workers were aware that Donley wanted to get rid of him.

154.  Plaintiff was treated less favorably than his younger co-workers.

155.  On July 8, 2016, Plaintiff was given an ultimatum to retire or be terminated.

156.  Plaintiff was constructively terminated when he was forced to retire.

157.  Plaintiff would have worked two additional years if he had not been constructively discharged.

158.  Defendants discriminated against Plaintiff by forcing him to retire because of his age.

159.  Plaintiff is qualified for his job.

160.  **WHEREFORE**, Plaintiff demands compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorneys' fees, reinstatement, costs, and any other relief this Court may deem is fair and equitable.

### EIGHTH CAUSE OF ACTION
### (Disability Discrimination under R.C. Chapter 4112)

161.  Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

162.  Plaintiff brings this claim under OHIO REV. CODE §§ 4112.02 and/or 4112.99.

163.  OHIO REV. CODE § 4112.02(J) makes it unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice."

164.  OHIO REV. CODE § 4112.02(A) makes it unlawful "[f]or any employer, because of the

race, color, religion, sex, military status, national origin, disability, age, or ancestry of

any person, to discharge without just cause, to refuse to hire, or otherwise to

discriminate against that person with respect to hire, tenure, terms, conditions, or

privileges of employment, or any matter directly or indirectly related to employment."

165.    Plaintiff brings this claim against all Defendants.

166.    Plaintiff is a qualified individual with a disability under R.C. CHAPTER 4112.

167.    Plaintiff has an impairment that substantially limits one of more of his major life

activities. Defendants also regarded him as having a disability.

168.    Plaintiff is qualified for all applicable positions referenced herein, with or without a

reasonable accommodation.

169.    Plaintiff was able to perform the essential functions of his job.

170.    Defendants subjected Plaintiff to adverse employment actions (i.e. harassment,

constructive discharge).

171.    Plaintiff has been subjected to work in a discriminatory work environment at the behest

of Donley, the Pharmacy Director.

172.    In December 2007, Plaintiff suffered a stroke.

173.    Due to the stroke, Plaintiff became disabled. Specifically, Plaintiff has aphasia.

174.    After Plaintiff suffered a stroke, Donley started giving him write-ups for offenses that

were not considered violations of policy in the past.

175.    Each time Plaintiff was written up, the only feedback he received from Donley was

"watch it."

176.    In 2009, Donley stated to Plaintiff "John, don't give me a reason to fire you."

177.    Plaintiff's supervisors and co-workers were aware that Donley wanted to get rid of him.

178.   Plaintiff was treated less favorably than his co-workers without disabilities.

179.   On June 29, 2016, Plaintiff requested FMLA leave in regards to an upcoming surgery.

180.   On July 5, 2016, Plaintiff's FMLA leave request was approved by Human Resources.

181.   On July 8, 2016, Plaintiff was given an ultimatum to retire or be terminated.

182.   Plaintiff was constructively terminated when he was forced to retire.

183.   Plaintiff would have worked two additional years if he had not been constructively discharged.

184.   Defendants knew or had reason to know of the disability or "regarded as" disability at the time of the adverse employment actions (i.e. harassment, constructive discharge).

185.   Plaintiff suffered these adverse employment actions under circumstances giving rise to an inference of unlawful discrimination.

186.   **WHEREFORE**, Plaintiff demands compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorneys' fees, reinstatement, costs, and any other relief this Court may deem is fair and equitable.

<u>**NINTH CAUSE OF ACTION**</u>
**(Unjust Enrichment)**

187.   Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

188.   On February 18, 1974, Plaintiff began working for Akron General as an at-will employee.

189.   Plaintiff worked an average of 48 hours per week since 2009.

190.    In 2009, Plaintiff, along with his co-workers, were told to stop clocking in and out because it was too hard to keep track of their time.

191.    For the last three years, Plaintiff was forced to work approximately two days per month without pay.

192.    Plaintiff complained several times that he was not receiving overtime pay.

193.    Plaintiff had inquired again about overtime and back pay.  Within a week, Plaintiff was forced out.

194.    Defendants failed to pay Plaintiff overtime for hours worked in excess of 40 hours per week.

195.    Defendants received the benefit of Plaintiff's work, without compensating Plaintiff. As a matter of equity, Defendants should not be allowed to prosper at Plaintiff's expense.

196.    The money Defendants owe Plaintiff as wages, all inured directly to Defendants' benefit by its nonpayment to Plaintiff for work done.

197.    Plaintiff should receive compensation to which Plaintiff is entitled in equity and Defendants should not be unjustly enriched by its nonpayment of wages to Plaintiff for the work he did.

198.    **WHEREFORE**, Plaintiff demands compensatory damages of $500,000, punitive damages of $500,000, attorneys' fees, costs, pre- and post-judgment interest, and any other relief this Court may deem is fair and equitable.

## TENTH CAUSE OF ACTION
### (Wrongful Constructive Discharge in Violation of Public Policy)

199.    Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

200. On February 18, 1974, Plaintiff began working for Akron General as an at-will employee.

201. Plaintiff worked an average of 48 hours per week since 2009.

202. In 2009, Plaintiff, along with his co-workers, were told to stop clocking in and out because it was too hard to keep track of their time.

203. For the last three years, Plaintiff was forced to work approximately two days per month without pay.

204. Plaintiff complained several times that he was not receiving overtime pay.

205. Plaintiff had inquired again about overtime and back pay.  Within a week, Plaintiff was forced out.

206. Defendants failed to pay Plaintiff overtime for hours worked in excess of 40 hours per week.

207. On June 29, 2016, Plaintiff requested FMLA leave in regards to an upcoming surgery.

208. On July 5, 2016, Plaintiff's FMLA leave request was approved by Human Resources.

209. On July 8, 2016, Plaintiff was given an ultimatum to retire or be terminated.

210. Plaintiff was constructively terminated when he was forced to retire.

211. Plaintiff would have worked two additional years if he had not been constructively discharged.

212. A clear public policy exists and is manifested in the FLSA, FMLA, and Ohio Revised Code §4111 et seq.

213. Defendants constructively discharged Plaintiff by forcing him to retire.

214. Plaintiff's constructive discharge was motivated by Defendants' harassing conduct related to public policy.

215.    Defendants lacked an overriding legitimate business justification for the constructive

discharge.

216.    **WHEREFORE**, Plaintiff demands compensatory damages of $500,000, punitive

damages of $500,000, attorneys' fees, costs, pre- and post-judgment interest, and any

other relief this Court may deem is fair and equitable.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by

jury in this action of all issues so triable.

Respectfully submitted,

**EDWARD L. GILBERT CO., LPA**

 /s/ Edward L. Gilbert
Edward L. Gilbert (0014544)
One Cascade Plaza, Suite 825
Akron, Ohio 44308
(330) 376-8855 Telephone
(330) 376-8857 Fax
*egilbert@edwardlgilbert.com*